UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NASSROLLAH BEHMARD, | Case No. 3:23-cv-00607-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY SHERIFF'S DEPT., et al., | |
| Defendants. | |

Plaintiff Nassrollah Behmard brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while he was housed at Washoe County Detention Center. (ECF No. 7). On August 15, 2024, this Court allowed a Fourteenth Amendment claim to proceed against a Doe defendant and ordered Behmard to file either a motion to substitute the true name of the Doe defendant or a motion under Federal Rule of Civil Procedure 45 for a subpoena duces tecum to attempt to discover that person's name by September 16, 2024. (ECF No. 6). The Court also ordered Behmard to file his updated address by that deadline. (*Id.* at 11). The Court warned Behmard this action could be dismissed if he failed to timely comply. (*Id.* at 12). That deadline expired and Behmard did not file a motion addressing the Doe defendant issue, update his address, move for an extension, or otherwise respond. And Behmard's mail from the Court has been returned as undeliverable. (ECF Nos. 9, 10).

I. **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Behmard's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Behmard addresses the matter of the Doe defendant, the only alternative is to enter a second order setting another deadline. But the reality of

repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. And without an updated address, the likelihood that the second order would even reach Behmard is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Nassrollah Behmard's failure to comply with the Court's August 15, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Nassrollah Behmard wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 15th day of October, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE