Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NASSROLLAH  BEHMARD,

Plaintiff,

V.

BYLLY BOTANNY; REX WEEKS; JOSEPH BENSON; NAPHCARE INC.; DARIN BALAAM, in his official capacity as Sheriff of Washoe County; DOE NURSE; DOE UNIT OFFICER 1; DOE UNIT OFFICER 2; and DOE FEMALE SERGEANT.

Defendants.

Case No.: 3:23-cv-00607-MMD-CSD

**MOTION FOR LEAVE TO AMENDED COMPLAINT**

COMES NOW Plaintiff, NASSROLLAH BEHMARD, by and through counsel, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1, for leave to file the proposed Second Amended Complaint attached hereto as Exhibit 1.

This Motion is made and based upon all of the pleadings, papers, and records on file in this proceeding, together with each exhibit referenced herein or attached hereto, each of which is incorporated by this reference as though fully set forth herein, and upon the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

In accordance with Local Rule 15-1, a copy of the proposed Second Amended Complaint is attached hereto as Exhibit 1. Through the proposed Second Amended Complaint, Plaintiff, now represented by appointed counsel, restates the allegations and claims that the Court permitted to proceed in its Screening Order on First Amended Complaint (ECF No. 22, filed March 17, 2026) into a pleading that conforms to the Court's rulings and to the requirements of Federal Rule of Civil Procedure 8.

### I.   BACKGROUND

Plaintiff commenced this civil-rights action under 42 U.S.C. § 1983 by his original Complaint (ECF No. 1). Plaintiff paid the full filing fee for this action rather than proceeding in forma pauperis (Receipt of Payment, ECF No. 5, January 25, 2024). In its Screening Order (ECF No. 6, August 15, 2024), the Court screened the original Complaint under 28 U.S.C. § 1915A, permitted a Fourteenth Amendment medical-indifference claim to proceed, dismissed other claims with leave to amend, and dismissed certain parties. Following an intervening dismissal and the Court's subsequent reopening of this action,

Plaintiff filed his First Amended Complaint (ECF No. 20, September 29, 2025), which remains the operative pleading.

In its Screening Order on First Amended Complaint (ECF No. 22, March 17, 2026), the Court screened the First Amended Complaint under 28 U.S.C. § 1915A and allowed Plaintiff's Fourteenth Amendment medical-indifference claims to proceed as detailed therein, including claims arising from delays in diagnosing and treating Plaintiff's inguinal and hernia conditions and from the failure to provide prescribed blood-thinner medication, and a municipal-liability theory against NaphCare Inc. and Washoe County Sheriff Darin Balaam in his official capacity.

In the same Order, the Court granted Plaintiff's motion for the appointment of counsel and referred this matter to the Court's Pro Bono Program. The Court thereafter appointed the undersigned, together with co-counsel Lauren D. Gorman, as pro bono counsel for Plaintiff in its Order Appointing Pro Bono Counsel (ECF No. 26, June 25, 2026), for all purposes through the conclusion of trial.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within twenty-one days after serving it, or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or of a motion under Rule 12(b), (e), or (f), whichever is earlier. Where, as here, the time to amend as a matter of course has passed, Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although the decision whether to grant leave to amend rests within the Court's discretion, that discretion is guided by a strong policy favoring resolution of disputes on their merits rather than on technicalities. See *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Ninth Circuit has instructed that requests to amend pleadings are to be granted with "extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). That liberality carries particular force here: Plaintiff drafted the operative First Amended Complaint without the assistance of counsel, and the Ninth Circuit has recognized that the liberal construction owed to a pro se litigant's pleadings "is particularly important in civil rights cases." *Id.* at 1137. In evaluating a request for leave to amend, courts consider whether the amendment would cause undue prejudice to the opposing party, whether it is sought in bad faith, whether it reflects undue delay, and whether it would be futile. As set forth below, none of those considerations weighs against amendment here.

**III. ARGUMENT**

Justice requires that Plaintiff be granted leave to file the proposed Second Amended Complaint, and none of the recognized grounds for denying leave is present.

The proposed amendment arises from the same conduct, transactions, and occurrences set out, or attempted to be set out, in Plaintiff's original Complaint and First Amended Complaint. All of Plaintiff's claims arise from the period during which he was detained as a pretrial detainee at the Washoe County Detention Center, and from the failure of jail and medical staff to provide him constitutionally adequate care for his inguinal, hernia, colostomy, and blood-thinner-related medical needs. The proposed Second Amended Complaint asserts no claim untethered from that common core of operative facts; rather, it refines and organizes the allegations the Court has already

permitted to proceed and states them with the clarity and specificity that counsel, now appointed, is able to supply. The purpose of the amendment is to bring Plaintiff's pleading into conformity with the claims allowed in the Screening Order on First Amended Complaint (ECF No. 22, March 17, 2026), to present those claims in proper form, and to add additional claims that the facts in Plaintiff's case support.

There has been no undue delay, and the timing of this Motion forecloses any suggestion of dilatory conduct. Plaintiff proceeded without counsel throughout the screening stage of this action, and the present Motion is brought promptly following the appointment of the undersigned and co-counsel in the Order Appointing Pro Bono Counsel (ECF No. 26, June 25, 2026). The Motion is filed before any named Defendant has been served, before any Defendant has answered or otherwise appeared, and before the entry of any scheduling order, which in an action of this kind is entered only after the first Defendant answers or otherwise appears. See Local Rule 16-1(b). Because no deadline to amend has been set and no responsive pleading is on file, the liberal standard of Rule 15(a)(2) governs without qualification.

For the same reasons, the proposed amendment works no prejudice, let alone the substantial or undue prejudice that would justify denial of leave. No Defendant has yet been required to respond to any pleading, no discovery has commenced, and no trial or dispositive-motion deadlines have been set. Granting leave at this early juncture will not delay the litigation or impose any cognizable burden on any party; to the contrary, permitting Plaintiff to proceed on a clarified, counseled pleading will streamline the issues and promote the orderly and efficient progress of this case. Nor is the Motion brought in bad faith. It is offered solely to present Plaintiff's surviving claims in a coherent form that

will assist the Court and the Defendants in understanding and responding to those claims.

Finally, the amendment is not futile: the proposed Second Amended Complaint pleads the claims the Court has already determined may proceed under 28 U.S.C. § 1915A, as reflected in the Screening Order on First Amended Complaint (ECF No. 22, March 17, 2026) as well as additional claims supported by the facts. Granting leave to amend would serve the interests of justice and promote judicial efficiency, and it is consistent with the extreme liberality with which such requests are to be considered, particularly in a civil-rights action. See *Eldridge*, 832 F.2d at 1135, 1137; *Webb*, 655 F.2d at 979.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to amend and permit the filing of the proposed Second Amended Complaint attached hereto as Exhibit 1.

Dated:  Jul 15, 2026

By:  */s/ Luke Busby, Esq.*
        Luke Busby, Esq.
        Nevada State Bar #10319
        316 California Avenue
        Reno, Nevada 89509
        (775) 453-0112
        lukebusby@pm.me

By:  */s/ Lauren Gorman, Esq.*
        Lauren Gorman, Esq.
        Nevada State Bar #11580
        777 Forest Street
        Suite A
        Reno, Nevada 89509
        (775) 742-6129
        lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

6

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Dated:  Jul 15, 2026

By: _/s/ Luke Busby, Esq._____
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
lukebusby@pm.me
*Attorney for the Plaintiff*

7