Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NASSROLLAH BEHMARD,

Plaintiff,

V.

BYLLY BOTANNY; REX WEEKS; JOSEPH BENSON; NAPHCARE INC.; DARIN BALAAM, in his official capacity as Sheriff of Washoe County; DOE NURSE; DOE UNIT OFFICER 1; DOE UNIT OFFICER 2; and DOE FEMALE SERGEANT.

Defendants.

Case No.: 3:23-cv-00607-MMD-CSD

**MOTION TO EXTEND TIME FOR SERVICE OF THE SUMMONS AND SECOND AMENDED COMPLAINT**

**FIRST REQUEST**

COMES NOW Plaintiff Nassrollah Behmard, by and through his appointed counsel, and respectfully moves this Court under Federal Rule of Civil Procedure 4(m) and Local Rule IA 6-1 to extend the time within which Plaintiff must serve the summons and operative complaint upon the previously named, identifiable Defendants who have not yet been served in this action.

This Motion is filed contemporaneously with Plaintiff's Motion for Leave to File a Second Amended Complaint, and the relief requested here is directed solely at the previously named Defendants who were not served during the period when Plaintiff was proceeding without counsel: Bylly Botanny, Rex Weeks, Joseph Benson, NaphCare Inc., and Darin Balaam.

This Motion does not seek to extend any deadline as to the Doe Defendants identified in the Screening Order dated March 17, 2026 (ECF No. 22), because those Defendants cannot be served until their true identities are learned and they are substituted into the action.

Pursuant to Local Rule IA 6-1(a), this is the first request to extend the deadline for service of process; no prior extension of the service deadline has been sought or granted. This Motion is made and based upon the following Points and Authorities, the pleadings and papers on file herein, and any argument the Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Relevant Procedural Background

Plaintiff, an incarcerated person who at all relevant times was proceeding without counsel, initiated this action in November 2023 and thereafter filed his First Amended Complaint on September 29, 2025 (ECF No. 20). Because Plaintiff is an incarcerated

person seeking redress from governmental officers and employees, his pleading was subject to mandatory preliminary screening, and the Court did not complete that screening until it entered its Screening Order on the First Amended Complaint dated March 17, 2026 (ECF No. 22). In that Screening Order, the Court permitted the Fourteenth Amendment medical-indifference claims to proceed against Bylly Botanny, Rex Weeks, and Dr. Joseph Benson, addressed the municipal-liability theory concerning NaphCare, directed the Clerk to substitute Darin Balaam for the Washoe County Sheriff, and permitted claims to proceed against the several Doe Defendants once their true names are learned and leave is obtained to substitute them.

At the time of the Screening Order, and now, Plaintiff remained without counsel and was incarcerated at the Federal Correctional Institution in Lompoc, California, a considerable distance from this District. The Screening Order dated March 17, 2026 (ECF No. 22) referred this case to the Court's Pro Bono Program and provided that, if counsel was not appointed by June 15, 2026, the Court would hold a status conference with the parties to address both the securing of counsel for Plaintiff and service upon the Defendants. Counsel was not appointed by that date. Instead, the Court entered its Order Appointing Pro Bono Counsel dated June 26, 2026 (ECF No. 26), appointing the undersigned as pro bono counsel for Plaintiff for all purposes through the conclusion of trial. As of the filing of this Motion, none of the named Defendants has been served.

**II. Standard of Review**

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within the time specified by the Rule, the court, on motion or on its own after notice to the plaintiff, must either dismiss the action without prejudice as to that defendant or order that

service be made within a specified time, and that if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001).

Good cause is measured with considerable leeway when the plaintiff is an incarcerated person proceeding pro se. *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992)(overruled on other grounds as stated in *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). Independent of good cause, the district court possesses broad discretion to extend the time for service under Rule 4(m) even in the absence of good cause, and in exercising that discretion the court may consider factors such as any statute-of-limitations bar, prejudice to the defendant, the defendant's actual notice of the lawsuit, and the eventual accomplishment of service. *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007).

**III. Good Cause and the Court's Discretion Both Warrant an Extension**

Good cause exists to extend the time for service upon the previously named Defendants, and the equitable factors that inform the Court's broad discretion under Rule 4(m) point in the same direction. Throughout the period in which service ordinarily would have been accomplished, Plaintiff was an incarcerated person proceeding without the assistance of counsel and confined outside this District, and the standard for good cause is applied to such a litigant with considerable leeway. As a practical matter, service could not meaningfully proceed until the Court completed its mandatory screening of the operative pleading, and that screening was not completed until the Screening Order dated March 17, 2026 (ECF No. 22). The Court itself recognized that service upon the Defendants was an outstanding matter to be addressed in connection with the

appointment of counsel, expressly stating in that Screening Order that it would take up the question of service at a status conference in the event counsel was not appointed by June 15, 2026. Counsel was ultimately appointed by the Order Appointing Pro Bono Counsel dated June 26, 2026 (ECF No. 26), and newly appointed counsel require a reasonable period in which to arrange issuance of the summonses with the Clerk and to effect service upon the previously named Defendants.

The discretionary factors reinforce the request. An extension would work no cognizable prejudice upon the Defendants, none of whom has appeared, and would instead permit the orderly issuance of process and service so that the claims the Court has already found colorable may be resolved on their merits. Because the requested extension is directed only at previously named, identifiable Defendants and preserves the separate, Court-approved mechanism for later identifying and substituting the Doe Defendants, granting the Motion serves the interest in the eventual accomplishment of service that this Circuit has recognized as a proper consideration under Rule 4(m). Efaw, 473 F.3d at 1041.

**IV. Requested Relief**

For the foregoing reasons, Plaintiff respectfully requests that the Court extend the time for Plaintiff to serve the summons and the operative complaint upon Defendants Bylly Botanny, Rex Weeks, Joseph Benson, NaphCare Inc., and Darin Balaam through and including a date that is ninety (90) days after the Court enters an order granting Plaintiff leave to file the Second Amended Complaint, or such other period as the Court deems appropriate, and that the Court grant such further relief as is just.

///

Dated: Jul 15, 2026

By: _/s/ Luke Busby, Esq.______
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

By: /s/ Lauren Gorman, Esq.__
Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

______ personally delivering;

______ delivery via Reno/Carson Messenger Service;

______ sending via Federal Express (or other overnight delivery service);

_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

______ delivery via electronic means (fax, eflex, NEF, etc.) to:

Dated: Jul 15, 2026

By: _/s/ Luke Busby, Esq._____
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
lukebusby@pm.me
*Attorney for the Plaintiff*