UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NASSROLLAH BEHMARD, | Case No. 3:23-cv-00607-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY SHERIFF'S DEPT., *et al.*, | |
| Defendants. | |

Plaintiff Nassrollah Behmard, through appointed pro bono counsel, moves under Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1 for leave to file a second amended complaint to clarify his allegations, better conform to pleading requirements, and add claims that arise out of the same nucleus of facts as the claims that the Court already allowed to proceed. (ECF No. 32.) The Court finds that justice requires granting Behmard leave to file a counseled second amended complaint. The Court thus grants Behmard's motion for leave to amend, and it now screens his Second Amended Complaint (ECF No. 32-1 ("SAC")) under 28 U.S.C. § 1915A.[1]

## I.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). Pro se pleadings, however, must

---

[1]Plaintiff paid the full $402 filing fee for this action (ECF No. 5) and has appointed *pro bono* counsel (ECF No. 26), but because he is incarcerated, his pleading is subject to screening under 28 U.S.C. § 1915A.

be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the claim's

elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF SAC

The events of the SAC happened while Behmard was a pretrial detainee at the Washoe County Detention Center. (ECF No. 32-1 at 3.) Behmard sues Bylly Botanny, Rex Weeks, Joseph Benson, NaphCare, Inc., Darin Balaam in his official capacity, Doe Nurse, Doe Unit Officer 1, Doe Unit Officer 2, and Doe Female Sergeant. (*Id.* at 4-5.) He brings six claims and seeks declaratory and monetary relief. (*Id.* at 11-20.) Because the SAC was filed by counsel, the Court does not separately summarize that pleading's factual allegations. Rather, the Court will address facts relevant to each theory of liability and any issues below.

### A.    Fourteenth Amendment—Medical Indifference

Pretrial detainees may raise claims about inadequate medical care and under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d

1118, 1124 (9th Cir. 2018). Courts evaluate these claims under an objective deliberate-indifference standard. *Id.* at 1124-25. The elements of a pretrial detainee's claim about inadequate medical care are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (internal quotation marks and citation omitted).

### 1.     Count 1—Delay in Diagnosing and Treating Inguinal Condition

Behmard states a colorable Fourteenth Amendment claim against Doe Nurse and Doe Unit Officer 1 about delay diagnosing and treating his inguinal condition. Behmard alleges that each of these Defendants made an intentional decision over the course of several days not to expedite or provide him with a medical screening and to return him to his cell under threat of punishment despite his repeated complaints that a hard, painful, and enlarging lump in his inguinal area was worsening. (ECF No. 32-1 at 5-7.) Reasonable staff would have expedited medical screening rather than sending Behmard away without examination. Behmard suffered pain, swelling, sepsis, the need for emergency care, and several surgeries as a result. (*Id.* at 7.) The Fourteenth Amendment medical indifference claim about Behmard's inguinal condition may therefore proceed against Doe Nurse and Doe Unit Officer 1 when he learns their true names and obtains leave of Court to substitute them as defendants.

### 2.     Count 2—Delay in Diagnosing and Treating Hernia Condition

Behmard states a colorable Fourteenth Amendment claim against Doe Unit Officer 2 and Doe Female Sergeant about delay diagnosing and treating his hernia condition.

Behmard alleges that each of these Defendants made an intentional decision not to expedite or provide him with a medical screening when he reported, after returning to the jail following emergency care and numerous surgeries, that his intestine was protruding from his stomach and he did not receive the correct size colostomy bag. Rather, these Defendants punished Behmard by charging him with "manipulating staff" and placing him in solitary confinement. (*Id.* at 7-8.) Reasonable staff would have expedited a medical screening rather than sending Behmard to confinement without examination. Behmard suffered pain, swelling, and needed emergency surgery to correct his hernia condition. (*Id.* at 8.) The Fourteenth Amendment medical-indifference claim about Behmard's hernia condition may therefore proceed against Doe Unit Officer 2 and Doe Female Sergeant when he learns their true names and obtains leave of Court to substitute them as defendants.

### 3. Count 3—Failure to Provide Prescribed Blood-Thinner Medication

Behmard states a colorable Fourteenth Amendment claim against Bylly Botanny, Rex Weeks, and Joseph Benson for failing to provide his prescribed blood-thinner medication. Behmard alleges these Defendants were responsible for his medical care at the jail and each of them made an intentional decision not to document or follow-up on the surgeon's post-operative instructions for his care. This resulted in Behmard not receiving his prescribed blood-thinner medication for eight days while he was in the jail's infirmary and after he was returned to the general population. (*Id.* at 9.) Reasonable staff would have documented and followed-up on a surgeon's instructions for an inmate's post-operative care. Behmard suffered blood clots that required emergency hospitalization, and he must take blood-thinning medication twice daily for life. (*Id.*) The Fourteenth Amendment medical-indifference claim for failure to provide prescribed blood-thinner medication may therefore proceed against Bylly Botanny, Rex Weeks, and Joseph Benson.

### 4.    Count 4—*Monell* Liability

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). For purposes of claims brought under § 1983, a private entity that contract with a local government to provide services for inmates—like NaphCare, Inc.—is treated like a municipality and thus subject to liability as stated in *Monell*. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983."). To state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

Behmard states colorable medical indifference claims against NaphCare, Inc. and Darin Balaam in his official capacity under *Monell*. Behmard alleges that NaphCare is a private entity that contracts with the Washoe County Sheriff's Office to provide medical care to inmates at the jail. (ECF No. 32-1 at 4.) Washoe County is sued through Balaam in his official capacity as the county's sheriff. (*Id.*) NaphCare and Washoe County are responsible for their own policies and customs. Each maintained policies or customs about handling inmates' acute medical needs, and each failed to train, supervise, and discipline staff in coordinating, communicating, documenting, and following up on inmates' serious medical needs.

Behmard experienced a pattern of medical indifference that spanned months, involved acts and omissions by medical staff employed by NaphCare and custodial staff employed by the county. Reasonable jail and medical officials would have reassessed

their policies, customs, training, supervision, and discipline after the first incident in which Behmard's acute medical needs were delayed resulting in emergency hospitalization and surgeries. These Defendants' policies or customs were the moving force behind Behmard's injuries, including sepsis, emergency colostomy care, and emergency blood-clot care. (ECF No. 32-1 at 9, 11.) The Fourteenth Amendment medical-indifference claims about delays in diagnosing and treating Behmard's inguinal and hernia conditions and failing to provide prescribed blood-thinner medication may therefore proceed against NaphCare and Balaam in his official capacity under the theory of *Monell* liability.

### B.     Count 5—First Amendment Retaliation

Inmates have a First Amendment right to file administrative grievances and to pursue civil-rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustces. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the detention context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Behmard states a colorable retaliation claim against Doe Unit Officer 2 and Doe Female Sergeant. On or after April 1, 2023, Behmard repeatedly reported to jail staff that his intestine was protruding from his stomach after colostomy surgery, and he had not

7

received the correct size colostomy bag. (ECF No. 32-1 at 7.) Behmard complained that staff were failing to address these serious medical needs. In response to, and because of, Behmard's protected conduct, Doe Unit Officer 2 charged him with "manipulating staff" and sent him to solitary confinement as punishment. (*Id.*) Doe Female Sergeant confirmed this course of conduct without ordering a medical screening or examining Behmard's protruding intestine. (*Id.* at 8.)

These Defendants' actions were not done to reasonably advance any legitimate correctional goal. Behmard experienced pain, swelling, and required emergency surgery to treat his hernia condition. The First Amendment retaliation claim may therefore proceed against Doe Unit Officer 2 and Doe Female Sergeant when Behmard learns their true names and obtains leave of Court to substitute them as defendants.

### C.    Count 6—Fourteenth Amendment Due Process in Disciplinary Segregation

The Fourteenth Amendment's Due Process Clause prohibits jail and prison officials from "punishing" a pretrial detainee without a due process hearing. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). "[P]retrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Id.* The elements of due process in a jail disciplinary hearing mirror elements that were established by *Wolff v. McDonnell*, 418 U.S. 539 (1974), in the prison context. *Id.* at 525. Consistent with *Wolff*, when an inmate faces disciplinary charges, jail officials must provide the inmate with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges; (2) a written statement from the factfinders as to the evidence relied on and the reasons for the disciplinary action; (3) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (4) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff*, 418 U.S. at 563-70.

Behmard states a colorable due process claim against Doe Unit Officer 2 and Doe Female Sergeant about his placement in solitary confinement. Behmard alleges that Doe

Unit Officer 2 charged him with "manipulating staff" as a pretext for placing him in solitary confinement after he complained about medical and custodial staff ignoring his post-operative needs. (ECF No. 32-1 at 7.) Doe Female Sergeant ratified Doe Unit Officer 2's decision to punish him. (ECF No. 32-1 at 8.) These Defendants neither expedited a medical evaluation nor examined Behmard's protruding intestine before punishing him. Plaintiff was not afforded sufficient procedural protection to determine that he violated a rule before he was punished. The Fourteenth Amendment due process in disciplinary segregation claim may therefore proceed against Doe Unit Officer 2 and Doe Female Sergeant when Behmard discovers their true names and obtains leave of Court to substitute them as defendants.

## III.    CONCLUSION

It is therefore ordered that Plaintiff's Motion for Leave to [File an] Amended Complaint (ECF No. 32) is granted.

It is further ordered that the Fourteenth Amendment medical indifference claim Behmard's inguinal condition may proceed against Doe Nurse and Doe Unit Officer 1 when Behmard learns their true names and obtains leave of Court to substitute them as defendants.

It is further ordered that the Fourteenth Amendment medical indifference claim about Behmard's hernia condition may proceed against Doe Unit Officer 2 and Doe Female Sergeant when Behmard learns their true names and obtains leave of court to substitute them as defendants.

It is further ordered that the Fourteenth Amendment medical indifference claim about failure to provide prescribed blood-thinner medication may proceed against Bylly Botanny, Rex Weeks, and Joseph Benson.

It is further ordered that the Fourteenth Amendment medical-indifference claims about delays in diagnosing and treating Behmard's inguinal and hernia conditions and failing to provide prescribed blood-thinner medication may proceed against NaphCare, Inc. and Darin Balaam in his official capacity under the theory of *Monell* liability.

It is further ordered that the First Amendment retaliation claim may proceed against Doe Unit Officer 2 and Doe Female Sergeant when Behmard learns their true names and obtains leave of Court to substitute them as defendants.

It is further ordered that the Fourteenth Amendment due process in disciplinary segregation claim may proceed against Doe Unit Officer 2 and Doe Female Sergeant when Behmard discovers their true names and obtains leave of Court to substitute them as defendants.

It is further ordered that this action proceeds onto the normal litigation track, and the Court will address Behmard's Motion to Extend Time for Service of the Summons and Second Amended Complaint (ECF No. 33) in a separate order.

The Clerk of Court is directed to detach and file the Second Amended Complaint (ECF No. 32-1).

DATED THIS 23rd Day of July 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE