Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NASSROLLAH BEHMARD,

Plaintiff,

V.

WASHOE COUNTY SHERIFF'S DEPT., et al.,

Defendants.

Case No.: 3:23-cv-00607-ART-CSD

**JOINT CASE MANAGEMENT REPORT AND PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED BY DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, Plaintiff Nassrollah Behmard, and Defendants NaphCare, Inc., Bylly Botanny, Rex Weeks, and Joseph Benson, M.D.,and Darin Balaam, by and through their respective counsel, submit the following Joint Case Management Report and Stipulated Discovery Plan and Scheduling Order.

**I. Fed. R. Civ. P. 26(f) Conference**. The conference required by Fed. R. Civ. P. 26(f) and LR 26-1(a) was held on September 2, 2026, by videoconference through the Zoom platform. Luke Andrew Busby, Esq. appeared for Plaintiff; Phillip Silvestri, Esq. appeared for Defendants NaphCare, Inc., Bylly Botanny, Rex Weeks, and Joseph Benson, M.D.; and Brandon Price, Esq. appeared for Defendant Darin Balaam. The Doe Nurse, Doe Unit Officer 1, Doe Unit Officer 2, and Doe Female Sergeant added by the Screening Order on First Amended Complaint (ECF No. 22, filed March 17, 2026) have not been identified or served and did not participate.

**II. Nature of the Case.** This is an action under 42 U.S.C. § 1983 and the Nevada Constitution arising from medical care provided to Plaintiff while he was a pretrial detainee at the Washoe County Detention Facility ("Facility") between January 24, 2023 and April 28, 2023.

**A. <u>Plaintiff's Claims</u>**

Plaintiff asserts the following claims in his Second Amended Complaint: (1) a Fourteenth Amendment inadequate medical care claim against Defendants Doe Nurse and Doe Unit Officer 1 for delay in diagnosing and treating Plaintiff's inguinal condition; (2) a Fourteenth Amendment inadequate medical care claim against Defendants Doe Unit Officer 2 and Doe Female Sergeant for delay in diagnosing and treating Plaintiff's hernia condition; (3) a Fourteenth Amendment inadequate medical care claim against Defendants against Bylly Bottany, Rex Weeks, and Dr. Joseph Benson for failure to provide prescribed blood-thinner medication; (4) a Fourteenth Amendment inadequate medical care claim

against Defendants Sheriff Balaam and NaphCare based on a theory of municipal liability; (5) a First Amendment retaliation claim against Defendants Doe Unit Officer 2 and Female Doe Sergeant for placing Plaintiff in solitary confinement as punishment for Plaintiffs complaints that staff were not addressing his medical needs; and (6) a Fourteenth Amendment due process claim against Defendants Doe Unit Officer 2 and Doe Female Sergeant for placing Plaintiff in solitary confinement for manipulating staff and for seeking medical care.

**B. <u>Defenses</u>**

Plaintiff fails to state a claim upon which relief may be granted because the claims asserted in Plaintiff's Second Amended Complaint are time-barred and insufficiently pled. Plaintiff cannot prove the elements necessary to establish Defendants violated his constitutional rights. Plaintiff's claims also fail as a matter of law because Plaintiff failed to exhaust his administrative remedies, Defendants were not deliberately indifferent to Plaintiff's medical needs, Plaintiff was not retaliated against for engaging protected activity protected by the First Amendment, and NaphCare and Washoe County did not have a municipal policy or custom which was the moving force behind Plaintiff's alleged deprivation of constitutional rights. Additionally, the individual Defendants are protected by qualified immunity because their actions did not violate clearly established rights of which a reasonable person would have known.

**III. Present Posture of the Pleadings**. The operative pleading is the Second Amended Complaint (ECF No. 35, filed July 23, 2026). Defendant Balaam has moved to dismiss the Second Amended Complaint (ECF No. 44, filed August 24, 2026), and Defendant NaphCare, Inc. has moved to dismiss Count IV (ECF No. 45, filed August 25, 2026). Defendants Botanny, Benson, and Weeks have answered (ECF No. 46, filed August 25, 2026, ECF No. 47 filed August 25, 2026;, ECF No. 48 filed August 25, 2026).

**IV. Location of Potentially Relevant Documents.** The Washoe County Sheriff's Office, NaphCare, Inc., and Saint Mary’s Regional Medical Center each have custody and control over documents that may be relevant to this case. Plaintiff may also possess potentially relevant documents.

**V. Discovery Each Party Intends to Take.** Plaintiff intends on conducting discovery concerning the medical care requested by and provided to Plaintiff at the Washoe County Detention Center, including sick-call requests, intake and nursing assessments, medication administration records, provider orders, referrals, housing and classification records, and related custodial records; the records of Plaintiff's outside hospitalizations and surgical treatment, including the admission at Saint Mary's Regional Medical Center from April 4 through April 7, 2023 and Plaintiff's subsequent hospitalizations; the policies, customs, staffing, supervision, training, and discipline of NaphCare, Inc. and of the Washoe County Sheriff's Office bearing on the entity-liability allegations of Count IV; the placement of Plaintiff in segregation on or about April 1, 2023 and the conduct underlying Counts V and VI; the identities and conduct of the Doe Defendants; the grievance procedures in effect and Plaintiff's use of them, which Defendants have placed at issue through their exhaustion defense; the factual predicates of the affirmative defenses asserted in the Answers, including the statute-of-limitations, causation, apportionment, and qualified-immunity defenses; and the nature and extent of Plaintiff's injuries and damages.

Defendants intend on serving Plaintiff with written discovery requests and taking Plaintiff’s deposition. Following Plaintiff’s deposition, Defendants will consider whether discovery from third parties is necessary to support their anticipated dispositive motion and/or prepare for trial.

Because Plaintiff is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Lompoc, California, the parties agree that Plaintiff's deposition may be taken by remote means under Fed. R. Civ. P. 30(b)(4), subject to the approval and scheduling requirements of the institution, and counsel will cooperate in obtaining that approval sufficiently in advance of the discovery cut-off.

The above sets forth the position of the Parties with respect to the discovery that party intends to take. By submitting this joint case conference report, none of the Parties stipulate that the discovery that any other party intends to take falls within the relevant and proportional scope of discovery permitted by Rule 26, and all Parties reserve all objections and defenses accordingly.

**VI. Defense of Exhaustion of Administrative Remedies.** Defendants intend to challenge the issue of administrative exhaustion. If successful, the defense would be dispositive of the entire case.

**VII. Options or Methods for Streamlining and/or Bifurcation of Discovery or Litigation.**

**A. Plaintiff's Position**

Plaintiff does not request streamlining or bifurcation of discovery.

**B. Defendants' Position**

Discovery should be stayed until the Court rules on the pending motions to dismiss because certain Defendants seek dismissal of Plaintiff's claims on basis that the claims are barred by the statute of limitations. Further, a stay would streamline discovery substantially in the event that any of the *Monell*-based claims are dismissed from the action.

Defendants propose that once the stay of discovery is lifted, discovery should be bifurcated into two separate phases. The first phase of discovery would be limited to the issue of exhaustion. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("we describe

the procedure that we believe will best achieve the purposes of the exhaustion doctrine in PLRA cases… Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit."); *see also Brown v. Hartman*, No. 3:23-CV-00618-MMD-CLB, 2026 U.S. Dist. LEXIS 66407, *2 (acknowledging bifurcation in PLRA case to address exhaustion prior to merits) (Hon. Carla Baldwin Jan. 12, 2026). Consistent with these authorities, Defendants would conduct written discovery on the exhaustion issue, and may depose Plainti

ff if necessary, on a limited basis. Defendants anticipate needing 90 days to conduct discovery on the exhaustion issue alone. The Defendants intend to file dipositive motions on the issue of exhaustion if supported by the evidence obtained during discovery.

Defendants propose conducting a second phase of discovery on the merits of Plaintiff's claims after the Court rules on dispositive motions pertaining to the issue of exhaustion. Courts have deferred discovery pending resolution of the administrative remedy exhaustion issue. *See Millner v. Bitner*, 2015 WL 4167386 (E.D. Cal. July 9, 2015) (finding good cause exists to stay discovery with PLRA issue pending); *Dell v. Espinoza*, 2017 WL 6730743, at *7 (E.D. Cal. Dec. 29, 2017) ("[T]he pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery."). Defendants anticipate needing 180 days for the second phase of discovery.

**VIII. Expert Witnesses.** The parties anticipate utilizing expert witnesses.

**IX. Initial Disclosures.** The parties have stipulated to exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before September 30, 2026. There are no deficiencies at this time as the parties have not yet served their initial disclosures.

**X. Protective Order and Electronically Stored Information.** Because discovery will encompass Plaintiff's protected health information and Defendants' internal policies, personnel information, and custodial records, the parties will submit a stipulated protective order. The parties agree that electronically stored information will be produced in searchable portable document format with reasonably available metadata preserved, that medical and custodial records will be produced as kept in the usual course of business, and that each party will take reasonable steps to preserve relevant electronically stored information, including any video recordings from the Facility for the dates at issue. The parties further agree that the inadvertent production of privileged or work-product material will not effect a waiver and that any such material will be returned, sequestered, or destroyed upon request in accordance with Fed. R. Civ. P. 26(b)(5)(B).

**XI. Discovery Disputes.** Pursuant to LR 26-1(c), before moving for an order relating to discovery, the movant must request a conference with the assigned Magistrate Judge. All discovery disputes are referred to the assigned Magistrate Judge under LR 26-6(a), and any discovery motion must comply with the meet-and-confer and declaration requirements of LR 26-6(c).

**XII. Alternative Dispute Resolution.** Pursuant to LR 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation. The parties discussed the matter and are not requesting a settlement conference at this time.

**XIII. Alternative Forms of Case Disposition.** Pursuant to LR 26-1(b)(8), the parties certify that they considered consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), and do not consent to either at this time.

**XIV. Electronic Evidence.** A jury trial has been demanded. Counsel for the Parties certify that they are in agreement that evidence may be presented in electronic format to jurors for the purposes of jury deliberations. The parties currently have no stipulations regarding such evidence.

**XV. Extensions.** Any stipulation or motion to extend a deadline set by this order must comply with LR 26-3 and LR IA 6-1, must be supported by a showing of good cause, and must be received by the Court no later than twenty-one days before the expiration of the subject deadline.

**XVI. Proposed Discovery Plan and Scheduling Order.**

**A. Plaintiff's Proposed Scheduling Order**

**1. Discovery Cut-Off.** The first Defendant appeared on August 24, 2026. Plaintiff requests 180 days for discovery measured from that date, which is within the period specified by LR 26-1(b)(1). Discovery will close on Monday, February 22, 2027.

**2. Amending the Pleadings and Adding Parties.** The deadline for filing motions to amend the pleadings or to add parties, including any motion to substitute the true names of the Doe Defendants, is Tuesday, November 24, 2026, which is 90 days before the close of discovery as provided by LR 26-1(b)(2).

**3. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).** Disclosures of experts under Fed. R. Civ. P. 26(a)(2) will be made on or before Thursday, December 24, 2026, which is 60 days before the discovery cut-off as provided by LR 26-1(b)(3). Rebuttal expert disclosures will be made on or before Monday, January 25, 2027, which is 30 days after the initial expert disclosure deadline.

**4. Dispositive Motions.** The deadline for filing dispositive motions is Wednesday, March 24, 2027, which is 30 days after the discovery cut-off as provided by LR 26-1(b)(4).

**5. Joint Pretrial Order.** The joint pretrial order will be filed on or before Friday, April 23, 2027, which is 30 days after the dispositive motion deadline as provided by LR 26-1(b)(5). If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections to them, will be included in the joint pretrial order as provided by LR 26-1(b)(6).

**B. <u>Defendants' Proposed Scheduling Order</u>**

Defendants propose the following discovery plan and scheduling order in the event discovery is not stayed by the Court. Defendants' proposal requires a special scheduling review pursuant to LR 26-1.

**1. Discovery Cut-Off.** The first Defendant appeared on August 24, 2026. Defendants request 90 days for discovery measured from that date, solely related to the issue of exhaustion. Phase 1 discovery will close on November 22, 2026.

**2. Amending the Pleadings and Adding Parties.** To be scheduled if the case proceeds on the merits.

**3. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).** To be scheduled if the case proceeds on the merits.

**4. Dispositive Motions.** The deadline for filing dispositive motions as to exhaustion shall be December 23, 2026, which is 30 days after the Phase 1 discovery cut-off as provided by LR 26-1(b)(4).

Before the close of Phase 1 discovery, Defendants must meet and confer and discuss whether either Defendant intends to file a dispositive motion related to exhaustion. If neither party intends to so file, Defendants shall file a joint notice, on or before November 23, 2026, so advising Plaintiff and the Court. If Defendants file such a notice,

the Court will issue an amended scheduling order proceeding to merits discovery, resetting the December 23, 2026 dispositive motion deadline.

**5. Joint Pretrial Order.** To be scheduled if the case proceeds on the merits.

Dated: Sep 5, 2026

By: /s/ Phillip Silvestri
PHILLIP SILVESTRI, ESQ.
Nevada State Bar No. 11276
1980 Festival Center Dr., Ste. 300, Las Vegas, Nevada 89135
(659) 241-4624
phillip.silvestri@blackstonetrial.com

*Attorneys for Defendants NaphCare, Inc., Bylly Botanny, Rex Weeks, and Joseph Benson*

WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE

By: /s/ Brandon Price
BRANDON PRICE, ESQ.
Deputy District Attorney
Nevada State Bar No. 11686
LINDSAY L. LIDDELL, ESQ.
Deputy District Attorney
Nevada State Bar No. 14079
One South Sierra Street
Reno, Nevada 89501
(775) 337-5700
brprice@da.washoecounty.gov
lliddell@da.washoecounty.gov

*Attorneys for Defendant Darin Balaam*

By: /s/ Luke Busby
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509

(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
777 Forest Street
Suite A
Reno, Nevada 89509
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

______ personally delivering;

______ delivery via Reno/Carson Messenger Service;

______ sending via Federal Express (or other overnight delivery service);

_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__x____ delivery via electronic means (fax, eflex, NEF, etc.) to:

Phillip A. Silvestri
Blackstone Trial Group
1980 Festival Center Drive
Ste 300
Las Vegas, NV 89135
702-623-2226
Email: phillip.silvestri@blackstonetrial.com

Brandon R. Price
Washoe County District Attorney's Office
Civil Division
One South Sierra Street
Suite 202
89501
Reno, NV 89501
775-337-5728
Email: brprice@da.washoecounty.gov

Dated: Sept 5 2026.

By: _/s/ Luke Busby, Esq._______
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
lukebusby@pm.me
*Attorney for the Plaintiff*